U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 4 2021

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SCOTT CROW, <br> TDCJ-CID No. 02006739, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN P. PINNEY, *et al.*, <br><br> Defendants. | §§§§§§§§§§ | 2:19-CV-090-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT AND DENYING INJUNCTIVE RELIEF

This matter comes before the Court on Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed April 26, 2019 (ECF No. 3) ("Complaint"), Motion for Emergency Injunction (ECF No. 15) ("Motion for Emergency Injunction"), and Motion for Temporary Injunction (ECF No. 16) ("Motion for Temporary Injunction"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED** and his requests for injunctive relief are **DENIED**.

### FACTUAL BACKGROUND

Plaintiff asserts that Defendants wrongfully seized his property, namely drawings, from his outgoing mail and destroyed them as "contraband" without following proper procedure. *See* ECF No. 3, at 3-4. Plaintiff asserts these drawings were for his mother's final birthday (Stage IV cancer). *Id.*, at 4. The package was supposed to be mailed out within three days but was opened and

destroyed six days later. *Id.*, at 4-7. Plaintiff states the drawings took him approximately three months of work time to complete. *Id.*, at 6. Plaintiff argues he was not disciplined for "contraband" and thus his destroyed property was not contraband. *Id.*, at 8.

## LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

A federal court may issue a preliminary injunction to protect a movant's rights until his or her case has been finally determined. *See* FED. R. CIV. P. 65(a); 11A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2941 (3d ed. 2020). To obtain a preliminary injunction, a movant must prove "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4)

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

that the grant of an injunction will not disserve the public interest." *Robinson v. Hunt Country, Texas*, 921 F.3d 440, 451 (5th Cir. 2019) (citations omitted). A preliminary injunction is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted), *cert. denied*, 134 S. Ct. 1789 (2014). The party moving for a preliminary injunction must prove *all* four elements. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018).

**ANALYSIS**

First, Plaintiff's claims for injunctive relief are now moot, as he was transferred to a different TDCJ unit. *See* ECF No. 8. A unit transfer to another jurisdiction moots requests for injunctive relief that would require TDCJ to change their procedures. *See Haralson v. Campuzano*, 356 Fed. Appx 692, 695–96 (5th Cir. 2009) (prisoner's claim for injunctive relief based on his challenge to recreation policies applicable to inmates in the prison infirmary was rendered moot by his transfer from the infirmary; the "capable of repetition, yet evading review exception to mootness" did not apply because the possibility that he would be transferred back to the infirmary was "too speculative to warrant relief"); *Rivera v. Dawson*, No. 05–41565, 2007 WL 1223914 (5th Cir. Apr. 25, 2007); *Tamfu v. Ashcroft*, No. 02–10502, 2002 WL 31689212 (5th Cir. Oct. 30, 2002) ("Because Tamfu is no longer incarcerated at the Airpark or Flightline Units, any claims for declaratory or injunctive relief are moot."); *Stewart v. Warner*, Civ. Action No. 14–4759, 2014 WL 3498165, at *3 (E.D.La. July 15, 2014); *Ashford v. Gusman*, Civ. Action No. 12–87, 2012 WL 1019830, at *5 (E.D.La. Feb. 22, 2012), adopted, 2012 WL 1019170 (E.D.La. Mar. 26, 2012). Because Plaintiff's claims for injunctive relief are now moot, the Court no longer has subject matter jurisdiction to consider those claims, and these motions are **DENIED**.

The Fourteenth Amendment protects against random and unauthorized deprivations of

3

property or liberty interests, but Texas state administrative and judicial systems provide an adequate state post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). Texas courts have allowed inmates to raise ordinary tort claims against TDCJ-CID employees for lost or stolen property. *See Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex.App.–Corpus Christi 2002, *reh. overruled*)). The Parratt-Hudson doctrine renders Plaintiff's suit frivolous.

> *Parratt* and *Hudson*, considered together, hold when plaintiff alleges a deprivation of property without due process of law "by the negligent or intentional actions of a state officer that are random and unauthorized", a post-deprivation tort cause of action in state law is sufficient to satisfy due-process requirements. *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (citation and internal quotation marks omitted) (emphasis in original). [Plaintiff's] complaint alleged the deprivation of his property was random and unauthorized by applicable prison procedure, and he does not dispute the court's finding in this regard. Accordingly, Texas has adequate post-deprivation remedies—such as the tort of conversion—for the confiscation of a prisoner's property. *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994) ("A state's failure to follow its own procedural regulations does not constitute a violation of due process ... if constitutional minima have nevertheless been met.") (cleaned up).

*Hernandez v. Egwe*, 840 Fed. Appx 797, (Mem), 798 (5th Cir. 2021). Thus, Plaintiff's claim for monetary damages must also be **DISMISSED** with prejudice.

### Conclusion

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice. Plaintiff's Motion for Emergency Injunction and Motion for Temporary Injunction are **DENIED**.

**SO ORDERED.**

June **14**, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE